UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NATIONAL RETIREMENT FUND,

      Plaintiffs,

-against-

P.D. 33 STREET CORP. d/b/a THE BLARNEY ROCK PUB,

      Defendant.

**COMPLAINT**

---

Plaintiffs, by their attorneys David C. Sapp, Esq. and Jennifer Oh, Esq., complaining of Defendant P.D. 33 Street Corp. d/b/a The Blarney Rock Pub (the "Defendant"), respectfully allege as follows:

## NATURE OF ACTION

1. This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon the Defendant by Section 515 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §1145.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a) and Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f).

## VENUE

3. Venue is properly laid in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. §185(a); Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2); and 28 U.S.C. §1391(b).

## THE PARTIES

4. Plaintiff National Retirement Fund ("Retirement Fund") is established and maintains a plan (the "Plan") to provide retirement income to employees for whom contributions are made by employers. As such, it is an "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. §1002(2). The Plan is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Fund. As such, the Fund is a "multiemployer plan," within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A).

5. The Retirement Fund is administered by a Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). The Board of Trustees is the "plan sponsor" with respect to the Plan pursuant to Section 3(16)(B)(iii) of ERISA, 29 U.S.C. §1002(16)(B)(iii).

6. Plaintiffs Trustees of the Retirement Fund exercise discretionary authority, control and responsibility with respect to management and administration of the Retirement Fund and Plan and disposition of Retirement Fund assets. As such, Plaintiffs Trustees of the Retirement Fund are fiduciaries with respect to the Plan, within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), as defined in Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The Retirement Fund maintains its principal administrative offices at 333 Westchester Avenue, North Building, White Plains, New York 10604, which is within the Southern District of New York.

7. Upon information and belief, Defendant is a New York corporation having or having had its principal place of business at 137 West 33rd Street, New York, New York 10001.

8. UNITE HERE, Local 100 (the "Union") is an unincorporated "employee organization" as defined in Section 3(4) of ERISA, 29 U.S.C. §1002(4). Upon information and belief, at all times material hereto, Defendant was a party to a Collective Bargaining Agreement with the Union ("Bargaining Agreement"), which obligated Defendant to make contributions to the Retirement Fund. Upon information and belief, employee benefit fund contributions to the Retirement Fund were and are due to be paid by Defendant.

### AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFFS TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT

9. Plaintiffs Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "8" of this Complaint with the same force and effect as if set forth at length herein.

10. Upon information and belief, in or about 2018, as permitted by the Retirement Fund's Agreement and Declaration of Trust ("Trust Agreement") and ERISA, the Retirement Fund performed an audit of the books and records of Defendant for the period of March 1, 2013 through and including December 31, 2016. The audit revealed audit deficiencies of contributions to the Retirement Fund resulting from Defendant's failure to remit contributions for employees as required by the Bargaining Agreement. The audit revealed principal audit deficiencies totaling $76,951.02 due to the Retirement Fund, plus interest thereon through the date of the audit deficiency notice in the amount of $3,592.45, and liquidated damages in the amount of $15,390.20. By the audit deficiency notice dated March 9, 2018 (the "Audit Deficiency Notice"), the Retirement Fund demanded payment of the outstanding balance. (A copy of the Audit Deficiency Notice is annexed hereto as Exhibit "A".).

3

11. Audit deficiencies for contributions for the period of March 1, 2013 through and including December 31, 2016, plus interest thereon and liquidated damages due to the Retirement Fund from Defendant have not been made and are now due and owing. By reason thereof, Defendant is liable to the Retirement Fund in the sum of $95,933.67 for the period stated, plus interest and liquidated damages on the principal amount of audit deficiencies from March 9, 2018, the date of the Audit Deficiency Notice, through the date of judgment, and attorneys' fees and costs.

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment:

a. Directing Defendant to pay to the Retirement Fund the principal sum of audit deficiencies in the amount of $76,951.02 as required by the March 9, 2018 Audit Deficiency Notice; and

b. Directing Defendant to pay to the Retirement Fund interest on the principal audit deficiency amount of $76,951.02 through the date of the March 9, 2018 Audit Deficiency Notice in the amount of $3,592.45 and interest on the principal amount of audit deficiencies from the date of the March 9, 2018 Audit Deficiency Notice to the date of judgment, computed at an interest rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. §1132(g)(2)(B); and

c. Directing Defendant to pay to the Retirement Fund liquidated damages on the principal audit deficiencies, to be computed at a rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. §1132(g)(2)(C); and

d. Directing Defendant to pay to the Retirement Fund the reasonable attorneys' fees and costs of the action, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(D); and

e. Granting such other legal and equitable relief as the Court deems appropriate.

Dated: August 3, 2018
      White Plains, New York

                          TRUSTEES OF THE NATIONAL RETIREMENT FUND, Plaintiffs

By: _____
     Jennifer Oh, Esq. (JO 1201)
     David C. Sapp, Esq. (DS 5781)

*Attorneys for Plaintiffs*

Alicare, Inc. – Fund Administrator
333 Westchester Avenue
North Building – First Floor
White Plains, New York 10604
Telephone: (914) 367-5243
Facsimile: (914) 367-2243
Email: joh@alicare.com